**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2671
_____

RONALD BREDA; MELANIE BREDA; JOSEPH BREDA,
Appellants

v.

DELAWARE VALLEY SCHOOL DISTRICT

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Judge: Honorable Jennifer P. Wilson
(District Court No. 3:20-cv-01853)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 5, 2023

Before: HARDIMAN, AMBRO, and FUENTES, *Circuit Judges*.

(Filed: June 13, 2023)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Joseph Breda, along with his parents Ronald and Melanie Breda, appeal the District Court's order dismissing their claim for denial of educational benefits with prejudice. We will affirm.

I[1]

Joseph Breda was a student at the Delaware Valley School District (the School District). In elementary school he was identified as having a learning disability. The School District provided him with an Individualized Education Plan but later withdrew it for Joseph's eighth grade year and did not reinstate it despite later objections by Joseph's parents. During Joseph's tenth grade year his parents filed a complaint with the School District that resulted in Joseph receiving a math tutor and additional time to complete tests as part of a Service Agreement pursuant to Chapter 15 of the Pennsylvania Code.

The allegedly discriminatory conduct forming the basis for this suit occurred when, in eleventh grade, Joseph enrolled in a nursing occupational program. A "Ms. Coyle" supervised the program. Coyle allegedly harassed Joseph and threatened to throw him out of the program. The Bredas filed a complaint with the School District and Coyle was reprimanded. Coyle allegedly continued to harass Joseph by accusing him of cheating and refused to let him take completed work home. So the Bredas complained

---

[1] We review de novo the District Court's order granting a motion to dismiss. *Allen v. DeBello*, 861 F.3d 433, 438 (3d Cir. 2017). We apply the same standard as the District Court, so we accept as true the Bredas' allegations and draw all reasonable inferences in their favor. *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014).

2

again. The parties entered into another Chapter 15 Service Agreement, this time providing that Coyle was to have no contact with Joseph. But Coyle later "bump[ed]" and "bang[ed]" into Joseph in what the Bredas contend was an "apparent attempt to threaten, harass and annoy Joseph." App. 135 (Amended Complaint ¶ 22). Joseph sought counseling after the incident. The counselor recommended homeschooling and Joseph later withdrew from the School District when the family moved to Florida. The Bredas sued the School District. In a one-count complaint, they claimed discrimination against Joseph based on his disability. They also claimed the School District denied Joseph a free appropriate public education and failed to protect him from physical and mental abuse in violation of Section 504 of the Rehabilitation Act and Pennsylvania's parallel provisions in Chapter 15 of the Pennsylvania Code.

The case was referred to a magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b)(1)(B). After the District Court agreed with the Magistrate Judge's recommendation to dismiss the complaint, the Bredas filed an Amended Complaint. On consideration of the School District's motion to dismiss the Amended Complaint, the Magistrate Judge flagged the Amended Complaint as "virtually identical" to the first complaint and again recommended dismissal. App. 179–181. The Bredas filed objections to the Magistrate Judge's Report and Recommendation, but the District Court adopted it and dismissed the Amended Complaint. The Bredas timely appealed.

II[2]

The Bredas argue the District Court erred in denying their objections to the Magistrate Judge's R & R and in granting the School District's motion to dismiss. We disagree. The District Court correctly applied clear error review because the Bredas' objections were not specific.

The District Court did not err in granting the motion to dismiss because the Bredas' Amended Complaint failed to state a claim under Section 504 of the Rehabilitation Act and Chapter 15 of the Pennsylvania Code.[3]

The Magistrate Judge found that the only factual allegation in the Amended Complaint to indicate discrimination was the "bump[]" by Coyle. App. 190 (quoting Amended Complaint ¶ 22). The Bredas argued in their objections and now on appeal that there was no single incident, but rather repeated harassment. We consider the bump and prior statements together and determine the allegations insufficient to state a claim.

Isolated comments or conduct by a teacher, while perhaps hurtful, do not violate the Rehabilitation Act in the absence of allegations that the student was excluded from participation in educational activities or denied educational benefits. *See Ridley Sch. Dist.*

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1367. We have jurisdiction under 28 U.S.C. § 1291.

[3] We apply the same analysis to these two laws. *See* 22 Pa. Code § 15.11 (Chapter 15 does not "preempt, create, supplant, expand or restrict the rights or liabilities of protected handicapped students or school entities beyond what is contemplated by Section 504."); *see also Lower Merion Sch. Dist. v. Doe*, 931 A.2d 640, 644 (Pa. 2007) ("Chapter 15 of the Pennsylvania Code, before it says anything else, states it is meant to comply with § 504 and its implementing regulations.").

*v. M.R.*, 680 F.3d 260, 282 (3d Cir. 2012). Here there is nothing alleged that would suggest that Coyle's statements resulted in any denial of Joseph's participation in the program or that Coyle's conduct rose to the level of discrimination under the Rehabilitation Act.

The Bredas had to plead that Joseph's disability was the *cause* of the discrimination or denial of the benefits. *See Andrew M. v. Delaware County Off. Mental Health and Mental Retardation*, 490 F.3d 337 (3d Cir. 2007). But they did not allege facts to suggest Joseph's disability was the cause of discrimination. The Amended Complaint's conclusory allegations of harassment do not suffice. *See Fowler v. UPMC Shadyside*, 578 F. 3d 203 (3rd Cir. 2009).

The Bredas further argue that *Vicky M. v. N.E.I.U*. established that abuse by school district staff is sufficient to demonstrate that a free and appropriate education was not provided. *See* 689 F. Supp. 2d 721, 736–37 (M.D. Pa. 2009). *Vicky M.* is not binding authority and does not make their Amended Complaint sufficient. *Vicky M.* involved ample evidence of extreme repeated abuse over two years. *Id*. at 727. Here there is an allegation of Coyle "bumping" into Joseph once and making some scattered statements, which did not amount to or result in the School District's exclusion of Joseph from educational opportunities or programs due to any alleged disability. So the Bredas failed to state a plausible claim for relief.

Finally, we also agree with the School District that the Bredas' claim fails because they did not allege facts to show any intentional conduct committed by the School District, as required for compensatory damages, the only relief sought. *See S.H. ex rel.*

*Durrell v. Lower Merion Sch. Dist*., 729 F.3d 248, 262 (3d Cir. 2013). To the contrary, the Amended Complaint catalogs how the School District responded to the Bredas' complaints and accommodated Joseph. The Amended Complaint thus failed to allege anything beyond mere negligence, which is insufficient to make out a claim against the School District under Section 504 and its state counterpart. *See id.* at 263.

\* \* \*

For the foregoing reasons, we will affirm the District Court's order.